[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the denial of an application for a permit to construct a road way across a regulated area including the filling of .26 acres and the placement of three 72" x 44" culverts in the regulated area to permit undisturbed flows beneath the proposed crossing. (Return of Record Exhibit #1). The parcel of land involved is located on the north side of Rosehaven Road and on the eastern side of Turnpike Road in the Town of Somers and contains 21.3 acres of land of which 3.71 acres are designated as wetlands and/or watercourses (Return of Record Exhibit #24 — Maps).
The plaintiff seeks to construct this road in order to gain access to the remaining rear portion of his property for an earth removal operation. (Return of Record Exhibit A).
The proposed new access to the property is located on Turnpike Road approximately 240 feet south of the northwest corner of the property. (Return of Record Exhibit #24 Maps).
After a public hearing, held on March 7, 1990 and continued to March 21, 1990 the defendant Commission denied said application on April 4, 1990. The plaintiff has appealed this decision under the appropriate statutes and claims that the defendant acted illegally, arbitrarily and capriciously in one or more of the followings respects:
 a) The reasons given by the Commission for denying the plaintiff's application are not supported by the testimony and evidence provided at the public hearing;
 b) The Commission denied the application despite the uncontroverted testimony and evidence, including that of its own wetlands agent, that the plaintiff's proposed crossing is the only feasible and prudent alternative to access his property for his intended use;
 c) Since the reasonable use of plaintiff's property requires crossing Schanade Brook, the Commission's action in denying the plaintiff's application constitutes a taking of the plaintiff's property CT Page 5676 without compensation;
 d) The Commission's decision was contrary to the uncontroverted weight of the testimony produced at the public hearing of the application;
 e) The action of the Commission exceeded its authority under Sections 22a-36 through 22a-45 of the Connecticut General Statutes;
 f) The Commission's decision was based upon factors other than those it could legally consider;
 g) One or more of the Commission members was predisposed to the application, thereby impeding its fair and just review.
A Court hearing on the appeal was held on June 7, 1991. At said hearing the plaintiff testified that he was the owner of the property in question at the time of the application and is still the owner and further that he is affected financially by the denial of the application by the defendant.
Section 22a-43 of the Connecticut General Statutes provides in part: "any person aggrieved may appeal to the Superior Court from any decision made by the agency Based on the evidence of ownership and financial interests involved the Court finds that the plaintiff falls within the purview of the statute and has standing to take the appeal.
As reasons for denying the application the defendant cited the following factors as a basis for their action:
 1. The application did not provide the most prudent or feasible alternative.
 2. A bridge provided a more feasible and prudent alternative.
 3. The plaintiff has a present access to his property.
 4. The plaintiff over the years had other accesses to his property which he sold when he created two lots along Turnpike Road.
The defendant Commission also cited Sections 10-2 (b), (c) and (f) of its regulations which states as follows: CT Page 5677
 b. The alternatives to the proposed action including a consideration of alternatives which might enhance environmental quality or have a less detrimental effect, and which could feasibly attain the basic objectives of the activity proposed in the application. This consideration should include, but is not limited to, the alternative of taking no action, or postponing action pending further study, and the alternative of requiring actions of different nature which would provide similar benefits with different environmental impacts, such as using a different location for the activity.
 c. The relationship between the short-term uses of the environment and the maintenance and enhancement of long-term productivity, including consideration of the extent to which the proposed activity involves trade-offs between short-term environmental gains at the expense of long-term losses, or vice versa, and consideration of the extent to which the proposed action forecloses or predetermines future options.
 f. The suitability of the activity to the area for which it is proposed. This requires a balancing of the need for the economic growth of the state and the use of its land, with the need to protect its environment and ecology for the people of the state and the benefit of generations yet unborn.
If even one of the cited reasons can be supported by the record, the action of the Commission must be upheld.
Subsequent to the Court hearing the Court conducted a viewing of the property as seen from Turnpike Road and Rosehaven Road. The wetlands which border the streets are very heavily wooded; a small stream which is part of the wetlands is located directly adjacent to the named streets and the property rises in grade from the street lines in a northerly and northeasterly direction.
One of the reasons for denial was that there were alternatives which could feasibly attain the basic objectives of the proposed activity.
During the hearing held on March 21, 1990 the following exchange took place: (Page 11) CT Page 5678
"Mr. Smith: Did you ever consider a bridge?
Attorney Capossela: No.
(Engineer) Mr. Sreenath: A bridge can be built. The most economical way to cross the brook is with the culverts.
Mr. Smith: You have to look at it from our point of view. You'll get more protection for the wetlands with a bridge than you would out of culverts (Return of Record — Transcript of Public Hearing 3/21/90, pages 10 and 11)."
The denial of April 4, 1990 contained a number of reasons for said denial. The agency's decision must be sustained if an examination of the record discloses evidence that supports any of the reasons given. Huck v. Inland Wetlands and Watercourses Agency, 203 Conn. 525, 539, 540 and cases cited therein.
Having viewed the property and the rather small width of the brook the Court feels that the Commission was fully justified in feeling that a bridge would be a more feasible alternative. It undoubtedly will be more expensive than installing culverts but the impact on the wetlands would be greatly lessened.
Section 22a-41 (b) states: "In the case of an application which received a public hearing, a permit shall not be issued unless the Commissioner finds that a feasible and prudent alternative does not exist."
Because there was at least one alternative i.e. a bridge, the decision of the Commission is sustained and the appeal is denied.
Judgment may enter for the defendants.
HON. HARRY JACKAWAY SUPERIOR COURT JUDGE